UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                   Case No. 22-cr-212-pp

JOHNNY LEE ROGERS, JR.,

        Defendant.

## ORDER CONSTRUING DEFENDANT'S *PRO SE* LETTER AS A MOTION TO RECONSIDER AND DENYING MOTION (DKT. NO. 40)

On June 22, 2022, the defendant's state-court extended supervision was revoked in State v. Rogers, Case No. 17CF2129 (Milwaukee County Circuit Court); he is scheduled for release on July 5, 2026. Dkt. No. 34 at ¶35. The same day—June 22, 2022—the defendant's extended supervision was revoked in State v. Rogers, Case No. 17CF1469 (Milwaukee County Circuit Court); again, he is scheduled for release July 5, 2026. Id. at ¶36.

On August 22, 2024, this federal court sentenced the defendant on one count of possession of fentanyl with intent to distribute and one count of possession of a firearm in furtherance of that drug trafficking offense. Dkt. Nos. 37, 38. Federal law mandated that this court *could not* impose a sentence of less than five years—sixty months—on the gun charge, and it required that the court *must* impose that sentence to run *consecutively* to any other sentence (including any state sentences). See 18 U.S.C. §924(c). The court imposed a sentence of six months (over twenty years *less* than the low end of the U.S.

1

Sentencing Guideline range) on the drug count, and a consecutive sentence of sixty months (as required by law) on the gun count; it imposed that sixty-six-month sentence to run consecutively to the defendant's state-court revocation sentences. Dkt. No. 38 at 2. That means that the defendant will start serving the five-and-a-half-year federal sentence when he completes his state-court sentence in July 2026.

On August 28, 2024, the court received a letter from the defendant. Dkt. No. 40. He asks the court to allow him to "remain in federal custody so [he] can start his federal sentence." Id. The defendant reminds the court that he did not get any time credited toward the federal sentence, and asks the court to show him sympathy by letting him remain "in the governments custody." Id. He says that he has been in custody since January of 2022 and that he has been "fighting this case" since August 1, 2023; he says that "[w]hen it's all over I would've been incarcerated for close to 10 years." Id. The defendant says, "I'm just asking to remain in Federal custody and sent to the [Bureau of Prisons], so I can get home quicker to the little boys who I'm stripping of a fatherhood that I, myself know is important." Id.

The court believes that what the defendant is asking the court to do is to reconsider its decision to impose his federal sentence to run *consecutively* to his state revocation sentences. He would like the court to change that ruling and to impose the sentence to run *concurrently* with his state revocation sentences, so that by the time he finished serving the state revocation

2

sentences in July 2026, he'll have only about four and a half years or so left on his federal sentence. The court cannot grant that request, for two reasons.

First, federal law says that a court "may not modify a term of imprisonment once it has been imposed" unless the defendant qualifies for compassionate release under 18 U.S.C. §3582(c)(1), or the defendant qualifies for a sentence reduction due to cooperation with the government, or the defendant's Sentencing Guideline range has been reduced by the Sentencing Commission. 18 U.S.C. §3582(c). None of those exceptions apply in the defendant's case. Second, federal law *required* that the five-year mandatory minimum sentence on the gun charge be imposed to run consecutively to any other sentence—state or federal—that the defendant is serving or that the court might impose. The court did not have a choice but to impose that sentence to run *consecutively* to the state revocation sentences. The court *did* have a choice about whether to run the six-month sentence it imposed on the drug charge concurrently or consecutively; it decided, based on all the information it had about the defendant (including the fact that he qualified under the Sentencing Guidelines as a career offender and that the Sentencing Guidelines advised the court to impose a sentence of well over twenty years in federal custody) that it would impose that sentence to run consecutively to the state sentence. The court had discretion regarding the six-month drug sentence, but it did *not* have discretion regarding the five-year gun sentence.

The court understands that the defendant has accepted responsibility for his actions, that he wants to get home to his children as soon as possible and

that he will, at the end of it all, have spent a very long time in prison. But the court cannot modify the sentence it imposed, and it cannot—by law—impose a concurrent sentence on the gun charge even if it thought such a sentence would be appropriate.

The court **CONSTRUES** the defendant's letter as a motion to reconsider and change its ruling requiring the defendant to serve his federal sentence consecutively to his state revocation sentences and **DENIES** that motion. Dkt. No. 40.

Dated in Milwaukee, Wisconsin this 30th day of August, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**